UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN  DIVISION

| | |
|---|---|
| VICKY LUU, | ) CV 07-04549-SH |
|             Plaintiff, | ) MEMORANDUM DECISION |
|    v. | ) AND ORDER |
| MICHAEL ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
|             Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income.  Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed a joint stipulation.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

1

1

## I. PROCEDURAL BACKGROUND

2
3
4

Plaintiff alleges mental and physical impairments, and sought Supplemental Security Income on June 3, 2002.  On initial review, the Commissioner denied the application, and plaintiff then sought to have the matter reviewed by an Administrative Law Judge ("ALJ").  The ALJ found plaintiff sustained residual functional capacity to continue her past work, and denied benefits.  The ALJ's decision to deny benefits was later reversed and remanded by this Court for further proceedings.  Following the supplemental hearing, the Commissioner again denied benefits.  Plaintiff again sought review by the Appeals Council; again the Appeals Council declined review.  Plaintiff then initiated the instant action.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Plaintiff has alleged two errors in the ALJ's decision to deny benefits.  First, plaintiff contends that the ALJ erred by failing to comply with the decision of the Court's remand order. Secondly, plaintiff contends that the ALJ's finding that plaintiff was not severely mentally impaired was not supported by substantial evidence.  This Court reverses and remands the ALJ's decision because the ALJ violated the law of the case doctrine by failing to follow the Court's remand order. In the alternative, the ALJ's decision  is reversed and remanded because the second ALJ failed to support her finding of no disability with significant evidence in the record.

21
22

## II. DISCUSSION

23

a.      Complying with the Remand Order

24
25
26
27

The law of the case doctrine states that when a court decides an issue, either expressly or by implication, that decision will bind all further proceedings of that case. *See Arizona v. Califano*, 460 U.S. 606, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318, 333 (1983)(when a court decides upon a rule of law, that

28

1  decision should continue to govern the same issues in subsequent stages of the
2  same case).  Although this issue has never been decided by the Ninth Circuit,
3  persuasive authority from this and other Circuits show that when an action is
4  remanded for further proceedings, those proceedings are part of the same
5  continuing case for the purposes of the law of the case doctrine.  *Ischay v.*
6  *Barnhart*, 383 F. Supp. 2d 1199, 1218 (C.D. Cal. 2005).  Moreover, the doctrine
7  is not limited to those issues actually adjudicated; it includes all issues which
8  have been decided by necessary implication.  *Id* at 1217.  Therefore, any failure
9  to comply with a remand order violates the law of the case doctrine.  *Id* at 1219.

10      This Court concludes that the ALJ violated the doctrine of the law of the
11  case by reconsidering the severity of plaintiff's mental impairment, which had
12  previously been ruled on by the Court.  The previous ALJ had erroneously relied
13  on an answer from a vocational expert that did not include all of the claimant's
14  limitations, including severe mental limitations.  (AR at 21, 346-47, 426-27).
15  Moreover, the ALJ failed to cite substantial evidence to support her decision to
16  deny benefits.  (AR at 14-23, 425-28).  The Court specifically remanded the case
17  "to correct the errors in determining that plaintiff was not disabled" at step four
18  of the disability proceedings, not at step two.  (AR at 425).  By reevaluating
19  plaintiff's impairments at step two, the ALJ failed to comply with the Court's
20  order to obtain more information about plaintiff's residual functional capacity at
21  steps four and five.  (AR at 390-93, 425-27).  Failure to comply with the Court's
22  order constitutes a violation of the doctrine of the law of the case, and the ALJ's
23  second decision to deny benefits cannot stand.

24  ///

25  ///

26  ///

3

b.      The ALJ's Determination of Plaintiff's Mental Impairments

Even assuming, *arguendo*, that the second ALJ did not violate the law of the case doctrine, the matter is reversed and remanded because the ALJ improperly found plaintiff's mental impairment to be non-severe.

To determine whether a claimant is disabled, an ALJ uses a five part test. *Webb v. Barnhart*, 433 F.3d 683, 685-87 (9th Cir. 2005). At part two of the test, the ALJ must determine whether the claimant's impairments are severe. *Id*. The severity standard is subject to a *de minimus* test, which provides that an impairment is considered severe when it more than minimally impacts a claimant's ability to perform basic work. 20 C.F.R. §§ 404.1521, 416.921 (2004). This test was created to weed out groundless claims. *Webb*, 433 F.3d at 687, *citing Smolen v. Charter*, 80 F.3d 1273, 1290 (9th Cir. 1995). Furthermore, although an ALJ may find impairments to be non-severe, this finding must be supported by "clearly established medical evidence." *Webb*, 433 F.3d at 687; Social Sec. Rule 85-28.

In determining whether the impairment or combination of impairments is severe, the ALJ may look at many factors. *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989). When determining disability, the ALJ may review medical opinions, medical evidence in the record, and the claimant's credibility regarding the nature and extent of the alleged impairments. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Fair*, 885 F.2d at 603-04.

Typically, the greatest weight is given to the treating physician's opinion, because the treating physician generally is more familiar with the claimant's impairments. *Magallanes*, 881 F.2d at 751 *citing Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). While the treating physician's opinion is not dispositive of the claimant's disability, an ALJ may only reject it by giving

4

specific and legitimate reasons based on the record for doing so. *Id*. Similarly, greater weight is given to the opinion of an examining physician than a non-examining physician. 20 C.F.R. § 416.927(d)(1) (2004). However, any opinion may be discredited if it is conclusory, brief, or not supported by the evidence. *Magallanes*, 881 F.2d at 751, *citing Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986). Furthermore, to the extent that an opinion is supported by evidence in the record, it is given greater weight. Social Sec. Rule 06-03.

An ALJ may also consider the claimant's subjective testimony and overall credibility when determining the severity of the alleged impairments. *Fair*, 885 F.2d at 603-04. When a claimant has evidence to support her alleged impairments, the ALJ can only reject her subjective testimony by citing clear and convincing reasons for doing so. *Light v. Social Sec. Admin*, 119 F.3d 789, 792 (9th Cir. 1997). Moreover, credibility determinations only carry weight to the extent there are inconsistencies between the claimant's subjective complaints and the medical evidence. *Webb*, 433 F.3d at 688.

In determining credibility, the ALJ may use ordinary techniques of credibility evaluation such as statements or activities which are inconsistent with the alleged disability. *Fair*, 885, F.2d at 604. For example, if a claimant is receiving only minimal, conservative treatment, her claim of severe pain may not be credible. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(en banc)(unexplained or inadequately explained, failure to seek treatment or follow a prescribed course of treatment is a relevant factor in assessing credibility of pain testimony)(internal quotation marks omitted). However, a claimant may not be found less credible on these grounds when the reason the claimant did not seek treatment was because she could not afford it. *Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir. 1999). Furthermore, an ALJ may not discredit subjective testimony solely based on the ALJ's personal

observations of the claimant at the hearing.  *See Bellamy v. Secretary of Health & Human Servs.*, 755 F.2d 1380, 1382 (9th Cir. 1985).

When determining plaintiff did not have severe mental impairments, the second LJ erroneously gave less weight to the opinion of plaintiff's treating physician.  (AR at 390-93).  Although plaintiff's treating physician, Dr. Hochberg, found that the plaintiff had severe mental impairments, the ALJ discredited his opinion.  (AR at 279, 281-84, 390-93).  Dr. Hochberg's opinion was entitled to greater weight because he had treated the plaintiff for several years and was familiar with her limitations.  (AR at 277-79).  Moreover, he had prescribed several medications for her mental impairments, including anti-psychosis and anti-depression pills, and considered her to have marked mental limitations.  (AR at 277-79).  Dr. Hochberg's findings were supported by other medical evidence in the record.  (AR at 187-89, 267).  The State psychiatrist found plaintiff could only engage in unskilled labor and suffered from at least some moderate mental limitations.  (AR at 187-89).  Additionally, a consulting psychiatrist found that plaintiff suffered from borderline severe mental impairments, which could prevent plaintiff from engaging even in basic work activities.  (AR at 262-68).  Therefore, Dr. Hochberg's findings of severe mental impairments should be given great weight because he is the treating physician and his findings are consistent with other evidence in the record.

Instead, the second ALJ gave more weight to the consulting physician Dr. Chau's opinion that plaintiff did not have a severe mental impairment.  (AR at 169-73).  While an ALJ may place greater weight in the consulting physician's opinion, here, the ALJ failed to give clear and convincing reason for doing so. (AR at 391).  The ALJ relied on the opinion of the medical examiner in order to give greater weight to Dr. Chau's opinion.  (AR at 390-91).  The medical expert found that plaintiff did not suffer from severe mental limitations.  (AR at 535-

37).  The expert discredited plaintiff's subjective statements regarding her mental impairments because he noted multiple inconsistencies in her testimony.  (AR at 535-37).   However, because the expert had not examined plaintiff, his opinion was brief, and it conflicted with the majority of evidence, his opinion should be given less weight.  Moreover, the expert acknowledged that some of plaintiff's symptoms could be attributable to a severe mental disorder.  (AR at 550).  Thus, the expert's opinion cannot serve as a clear and convincing reason to give greater weight to the consulting physician's opinion.  Moreover, Dr. Chau had only met with plaintiff once, and his opinion is not supported by other evidence in the record.  (AR at 169-73, 187-89, 267, 281-84, 392, 506-509).  To the extent that his opinion is brief and not consistent with the majority of medical evidence, the ALJ erred in giving greater weight to Dr. Chau's opinion.        In addition, the second ALJ also discredited plaintiff's subjective testimony without providing clear and convincing reasons for doing so.  (AR at 390-93).  As stated earlier, credibility determinations only carry weight to the extent that there are inconsistencies between plaintiff's subjective complaints and the medical evidence.  In this case, all the medical evidence indicates that plaintiff suffers from at least some moderate mental limitations.  (AR at 169-73, 187-89, 267, 281-84, 506-509).  Therefore, because the evidence supports plaintiff's subjective testimony, the second ALJ erred in denying benefits because she found plaintiff not to be credible.

That ALJ also cited to inconsistencies in plaintiff's testimony to discredit plaintiff.  (AR at 390-91).  It is true that plaintiff did make several inconsistent statements: she attesting to having six siblings at one time, and at another time, twenty; she claimed her parents died of old age, then later said they were beheaded in Viet Nam.  (AR at 164, 169, 277).  However, these statements are not inconsistent with her claim of severe mental impairment.  Instead, these

statements reinforce plaintiff's subjective testimony that she suffers from a severe mental impairment.

Finally, the second ALJ erred by relying on personal observations of the claimant at the hearing in order to deny benefits. (AR at 390-93). Multiple times throughout the hearing, the ALJ implied or stated that she did not find plaintiff to be credible. (AR at 522, 530, 534). At one point the ALJ accused plaintiff of malingering, stating "I think you are a lot smarter than you want to talk to me about Ms. Luu." (AR at 534). However, the ALJ failed to support her finding with evidence in the record. (AR at 390-93). Because the ALJ cannot use personal observations alone to discredit subjective testimony and because the second ALJ failed to provide other clear and convincing reasons to discredit plaintiff, the ALJ cannot deny benefits based on a finding of non-credibility.

In sum, the second ALJ failed to give substantial evidence for finding that plaintiff's mental impairments were non-severe. (AR at 390-93). Moreover, the ALJ must cite to clear medical evidence in order to find an impairment non-severe, which the ALJ failed to do here. (AR at 390-93). The severity test is a *de minimus* one, used only to remove claims that are completely unsupported by objective evidence. Here, there is substantial evidence in the record that indicates plaintiff suffers from at least a moderate mental impairment. (AR at 169-73, 187-89, 267, 281-84, 506-509). Because plaintiff has shown her mental impairments more than minimally impact her ability to do work, her impairments are severe under the *de minimus* test.

## III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed. The second ALJ erred by violating the law of the case doctrine. Alternatively, the second ALJ erred by finding plaintiff's impairments to be non-severe without

citing to substantial evidence.  The matter is remanded to determine whether plaintiff has any residual functional capacity under step five of the disability determination proceedings.

All further proceedings shall be in accordance with this decision, pursuant to Sentence Four of 42 U.S.C. § 405(g).

DATED: <u>July 16, 2008</u>

/ s /

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE